UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON et al.,

        Plaintiffs,        Case No. 1:12-cv-1134

v.        Honorable Janet T. Neff

RICK SNYDER et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiffs' complaint for failure to state a claim against Defendants Jenereaux, McKee, Trieweller, Ferguson, Wise, Bennickson, Mote and Haddens. The Court will serve the complaint against Defendants Heyns, Datims, Sura, Hickock, Warr and Frieburger.

**Discussion**

I. Factual allegations

Plaintiffs James Jackson and Kyle B. Richards presently are incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). In their amended complaint, they sue MDOC Director Daniel Heyns, Detroit News President Joyce Jenereaux, and the following IBC employees: Warden (unknown) McKee; Assistant Deputy Warden (unknown) Trieweller; Captain (unknown) Ferguson; Lieutenant (unknown) Wise; Sergeant (unknown) Bennickson; Assistant Resident Unit Manager (ARUM) (unknown) Mote; Assistant Resident Unit Supervisor (ARUS) (unknown) Hadden; and Corrections Officers (unknown) Datims, (unknown) Sura, (unknown) Warr, (unknown) Hickock, and (unknown) Frieburger.

Plaintiffs complain that they are being deprived of adequate food, resulting in nausea, stomach pain, and substantial weight loss, in violation of the Eighth Amendment and international law, as well as Michigan law governing negligence, obstruction of justice and elder abuse. They allege that, as a matter of policy, food portions were cut by the MDOC in 2005 and again in 2007, resulting in meals that currently contain insufficient calories. Since that time, Plaintiffs allege that they have experienced food deprivations that amount to torture and starvation.

In addition, Plaintiffs allege that they are being subjected to cruel and unusual prison conditions causing lack of stimulation, such as lack of personal televisions and magazines and excessive censorship of magazines and books. They allege that the lack of stimulation is particularly cruel for inmates, such as themselves, who have mental illnesses. Further, they contend that keeping mentally ill prisoners in jail beyond their first parole dates is morally unacceptable.

Plaintiffs next allege that Defendants McKee and Trieweller had supervisory responsibility over the prison, that Defendant Hadden was responsible for the housing unit, and that Defendants Wise, Bennickson and Ferguson interviewed Plaintiff Jackson on grievances, but failed to take action. In addition, Plaintiffs claim that they sent grievances to Defendants McKee, Trieweller, Hadden and Mote, but no action was taken. They allege that Defendant Sura refused to feed Plaintiff Richards and Defendant Datims refused to feed Plaintiff Jackson. In addition, they allege that Defendants Hickock, Warr, and Frieburger have retaliated against Plaintiff Jackson by refusing to feed him, threatening to kill him and threatening to ejaculate into or otherwise tamper with his food.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Jenereaux

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant));

*Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Plaintiffs fail to mention Defendant Jenereaux in the body of their complaint. The complete absence of allegations against Defendant Jenereaux falls far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, even had Plaintiffs mentioned Defendant Jenereaux in their complaint, they would fail to state a claim under 42 U.S.C. § 1983. As discussed, to state a § 1983 claim, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which the actions of the President of the Detroit News could fairly be attributed to the State.

For both reasons, Plaintiffs fail to state a § 1983 claim against Defendant Jenereaux.

### B. Defendants McKee, Trieweller, Hadden, Mote, Wise, Bennickson & Ferguson

Plaintiffs fail to make specific factual allegations against Defendants McKee, Trieweller, Hadden and Mote, other than to claim that they failed to answer Plaintiffs' kites and failed to properly oversee the operation of the prison and the housing unit. Similarly, Plaintiffs' only allegations against Defendants Wise, Bennickson and Ferguson are that they conducted an unsatisfactory investigation of unspecified grievances filed by Plaintiffs.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiffs have failed to allege that Defendants McKee, Trieweller, Hadden, Mote, Wise, Bennickson & Ferguson engaged in any active unconstitutional behavior. Accordingly, they fail to state a claim against them.

### C. Defendants Heyns, Datims, Sura, Hickock, Warr & Frieburger

Upon review, the Court concludes that Plaintiffs have alleged sufficient facts against Defendants Heyns, Datims, Sura, Hickock, Warr & Frieburger to warrant service of the complaint.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Jenereaux, McKee, Trieweller, Ferguson, Wise, Bennickson, Mote and Haddens will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Heyns, Datims, Sura, Hickock, Warr and Frieburger.

An Order consistent with this Opinion will be entered.


Dated: February 28, 2013           /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge