UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON, et al.,

    Plaintiffs,                             Hon. Janet T. Neff

v.                                                 Case No. 1:12-CV-1134

RICK SNYDER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction. (Dkt. #44). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be **denied**.

## BACKGROUND

Plaintiffs initiated this action on September 28, 2012, against the Federal Bureau of Investigation (FBI), the Michigan State Police, the European Court of Human Rights, officials of foreign governments, officials of the State of Michigan, and numerous prison employees. Plaintiffs allege violations of their Eighth Amendment right to be free from cruel and unusual punishment. The vast majority of Plaintiffs' claims have since been dismissed. Plaintiffs now move for an Order mandating that Defendants and their agents discontinue the following conduct: (1) obstructing justice; (2) hindering Plaintiffs' efforts to prosecute this case; (3) refusing to provide food to Plaintiffs; (4) interfering with Plaintiffs' mail; (5) harassing and threatening Plaintiffs; and (6) tampering with Plaintiffs' food.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiffs have failed to demonstrate that the numerous allegations in the present motion have any merit. Plaintiffs have also failed to establish that they are likely to prevail in this matter or that they would suffer irreparable injury in the absence of injunctive relief. Finally, the Court finds that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of evidence supporting such. Accordingly, the undersigned recommends that Plaintiffs' motion for injunctive relief be **denied**.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiffs' Motion for Preliminary Injunction</u>, (dkt. #44), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 14, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge