UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON, et al.,

    Plaintiffs,                             Hon. Janet T. Neff

v.                                      Case No. 1:12-CV-1134

RICK SNYDER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Exemption from Exhaustion Requirement. (Dkt. #42). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be **denied**.

## BACKGROUND

Plaintiffs initiated this action on September 28, 2012, against the Federal Bureau of Investigation (FBI), the Michigan State Police, the European Court of Human Rights, officials of foreign governments, officials of the State of Michigan, and numerous prison employees. Plaintiffs allege violations of their Eighth Amendment right to be free from cruel and unusual punishment. The vast majority of Plaintiffs' claims have since been dismissed. Plaintiffs now move for an Order exempting them from the exhaustion requirement articulated in the Prison Litigation Reform Act. Plaintiffs argue that they have complied with the exhaustion requirement by pursuing all *available* administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also, Porter v. Nussle*, 534 U.S. 516, 520 (2002) (holding that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* However, Defendants have not moved to dismiss this action on exhaustion grounds. Thus, the issue of whether Plaintiffs are entitled to a waiver of the exhaustion requirement is not properly before the Court.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiffs' Motion for Exemption from Exhaustion Requirement</u>, (Dkt. #42), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date: June 14, 2013    /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge