UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON, et al.,

       Plaintiffs,                              Hon. Janet T. Neff

v.                                              Case No. 1:12-CV-1134

RICK SNYDER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (Dkt. #61), and Defendant's Motion for Summary Judgment, (Dkt. #79). Also before the Court are Plaintiff Richards' Second Motion for Exemption from Exhaustion Requirement, (Dkt. #77), Plaintiff Richards' Motion for Summary Judgment, (Dkt. #89), and Plaintiff Richards' Supplemental Motion for Summary Judgment, (Dkt. #104). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **denied** and Plaintiff Richards' motions all be **denied**.

## BACKGROUND

Plaintiffs James Jackson and Kyle B. Richards initiated this action on September 28, 2012, against the Federal Bureau of Investigation (FBI), the Michigan State Police, the European Court of Human Rights, officials of foreign governments, officials of the State of Michigan, Detroit Free Press President Joyce Jenereaux, Michigan Department of Corrections (MDOC) Director Daniel Heyns, and the following MDOC employees: Warden (unknown) McKee; Assistant Deputy Warden (unknown)

Trieweller; Captain (unknown) Ferguson; Lieutenant (unknown) Wise; Sergeant (unknown) Bennickson; Assistant Resident Unit Manager (ARUM) (unknown) Mote; Assistant Resident Unit Supervisor (ARUS) (unknown) Hadden; and Corrections Officers (unknown) Dahms, (unknown) Sura, (unknown) Warr, (unknown) Hickok, and (unknown) Freiburger.

In their amended complaint, Plaintiffs complain that they are being deprived of adequate food, resulting in nausea, stomach pain, and substantial weight loss, in violation of the Eighth Amendment and international law, as well as Michigan law governing negligence, obstruction of justice and elder abuse. They allege that, as a matter of policy, food portions were reduced by the MDOC in 2005 and again in 2007, resulting in meals that currently contain insufficient calories. Since that time, Plaintiffs allege that they have experienced food deprivations that amount to torture and starvation.

In addition, Plaintiffs allege that they are being subjected to cruel and unusual prison conditions causing lack of stimulation, such as lack of personal televisions and excessive censorship of magazines and books. They allege that the lack of stimulation is particularly cruel for inmates, such as themselves, who experience mental illness. Further, they contend that keeping mentally ill prisoners in jail beyond their first parole dates is morally unacceptable.

Plaintiffs next allege that Defendants McKee and Trieweller had supervisory responsibility over the prison, that Defendant Hadden was responsible for the housing unit, and that Defendants Wise, Bennickson and Ferguson interviewed Plaintiff Jackson on grievances, but failed to take action. In addition, Plaintiffs claim that they sent grievances to Defendants McKee, Trieweller, Hadden and Mote, but no action was taken. They allege that Defendant Sura refused to feed Plaintiff Richards and Defendant Datims refused to feed Plaintiff Jackson. In addition, they allege that

Defendants Hickock, Warr, and Frieburger have retaliated against Plaintiff Jackson by refusing to feed him, threatening to kill him and threatening to ejaculate into or otherwise tamper with his food.

Plaintiffs' claims were subsequently dismissed, except for their claims against Defendants Heyns, Dahms, Sura, Warr, Hickok, and Freiburger which were permitted to go froward. (Dkt. #38-39). Defendants now move for summary judgment on the ground that Plaintiffs have failed to properly exhaust their administrative remedies. Plaintiff Richards has also moved for summary judgment and, moreover, moved the Court to find that he is exempt from the exhaustion requirement.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing

*Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim

for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Defendants' Motions for Summary Judgment**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's

deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

### A. Plaintiff Richards

In support of their motion for summary judgment as to Plaintiff Richards' claims, Defendants have submitted a single item of evidence, a two-page exhibit that purports to identify the grievances that Plaintiff Richards pursued through step III of the grievance process from "1999" through May 10, 2013. (Dkt. #62, Exhibit 2). However, because this exhibit is not properly authenticated it is insufficient for Defendants to satisfy their burden that Plaintiff Richards failed to properly exhaust his remaining claims.

As is well recognized, "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001)); *see also*, Fed.

R. Evid. 901(a) ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). While certain items of evidence are self-authenticating, the exhibit in question does not qualify for such treatment. *See* Fed. R. Evid. 902. Accordingly, because Defendants have failed to satisfy their burden to demonstrate that Plaintiff Richards failed to properly exhaust his remaining claims, the undersigned recommends that Defendants' motions be denied.

### B. Plaintiff Jackson

In support of their motion for summary judgment as to Plaintiff Jackson's claims, Defendants have submitted two items: (1) a three-page exhibit that purports to identify the grievances that Plaintiff pursued through step III of the grievance process from May 2009 through May 14, 2013, and (2) copies of various grievances that Plaintiff Jackson has pursued. (Dkt. 62, Exhibit 3).

With respect to the first item of evidence, such fails to advance Defendants' position because the exhibit in question is not properly authenticated. As for the copies of the various grievances, such likewise fails to advance Defendants' position because Defendants have failed to submit admissible evidence that the grievances in question constitute the only grievances Plaintiff pursued during the relevant time period. Accordingly, because Defendants have failed to satisfy their burden to demonstrate that Plaintiff Jackson failed to properly exhaust his remaining claims, the undersigned recommends that Defendants' motions be denied.

**II.        Plaintiff Richards' Motions**

Plaintiff Richards has moved the Court to find that he is exempt from the exhaustion requirement. Plaintiff Richards also moves the Court for summary judgment on the merits of his remaining claims.

**A.        Motion for Exemption from Exhaustion Requirement**

Plaintiff asserts that he should be exempt from the requirement that he exhaust his claims prior to initiating legal action because Defendants refused to provide him with the grievance forms necessary to properly exhaust the claims in question. As previously noted, Plaintiff is required under the PLRA to exhaust "all available administrative remedies" before initiating legal action in this Court. While Plaintiff argues that he should be exempt from the exhaustion requirement, it appears that Plaintiff is actually arguing that his claims should not be dismissed on exhaustion grounds because he has properly pursued *all available* administrative remedies. In support of this argument, Plaintiff has submitted evidence that purports to establish that his requests for grievance forms was denied, thus depriving him of the opportunity to properly exhaust the claims in question. (Dkt. ##42, 47, 85). The Court need not, however, determine whether this evidence is sufficient to demonstrate that Plaintiff has exhausted all his available administrative remedies because as discussed above, Defendants have failed to carry their burden on the exhaustion question. Accordingly, the undersigned recommends that Plaintiff's motion be denied as moot.

B.     Plaintiff's Motions for Summary Judgment

Plaintiff Richards moves for summary judgment on the merits of his remaining claims. Plaintiff bears the burden of proof as to these claims. As previously noted, to obtain summary judgment on such a claim, Plaintiff must submit evidence sufficient for the court to hold that no reasonable trier of fact could find for Defendants. Plaintiff must demonstrate that the record contains evidence satisfying his burden and that the evidence is so powerful that no reasonable jury would be free to disbelieve it. Plaintiff's motions for summary judgment are premised primarily upon conjecture and argument rather than evidence. Moreover, to the extent that Plaintiff has submitted evidence in support of his motions, such falls far short of the demanding standard articulated above. Accordingly, the undersigned recommends that Plaintiff's motions for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (Dkt. #61), be **denied**; <u>Defendant's Motion for Summary Judgment</u>, (Dkt. #79), be **denied**; <u>Plaintiff Richards' Second Motion for Exemption from Exhaustion Requirement</u>, (Dkt. #77), be **denied**; <u>Plaintiff Richards' Motion for Summary Judgment</u>, (Dkt. #89), be **denied**; and <u>Plaintiff Richards' Supplemental Motion for Summary Judgment</u>, (Dkt. #104), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: March 28, 2014            /s/ Ellen S. Carmody
          ELLEN S. CARMODY
          United States Magistrate Judge