UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON et al.,

    Plaintiffs,                                  Case No. 1:12-cv-1134

v                                              HON. JANET T. NEFF

RICK SNYDER et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, in which Plaintiffs Jackson and Richards claim that they have received inadequate food portions, and been subjected to threats and mistreatment by prison officials in retaliation for Plaintiffs' complaints about prison conditions. Defendants filed motions for summary judgment, arguing that Plaintiffs failed to exhaust their administrative remedies (Dkts 61, 79). Plaintiff Richards filed a motion requesting an exemption from the exhaustion requirement (Dkt 77), a motion for summary judgment (Dkt 89), and a supplemental motion for summary judgment (Dkt 104). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny Defendants' motions and Plaintiff Richards' motions (R&R, Dkt 107).

The matter is presently before the Court on Defendants' and Plaintiff Richards' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections in part and grants the objections in part and issues this Opinion and Order.

I.      **Defendants' Objections to the Rejection of Unauthenticated Evidence**

Defendants argue that the Magistrate Judge erred in rejecting their unauthenticated evidence, and denying their motions for summary judgment, because Plaintiffs never challenged the evidence (Defs. Obj., Dkt 111 at 2). In the alternative, Defendants argue that the Magistrate Judge should have allowed them an opportunity to authenticate the documents rather than deny the motions (*id.*). In effect, Defendants contend that because this Court "may . . . receive further evidence" when reviewing a magistrate judge's disposition to which a proper objection has been made, FED. R. CIV. P. 72(b)(3), Defendants should be given a "pass" when evidence is initially submitted in an inadmissible manner, and should be permitted to submit proper evidence in objection to the Report and Recommendation.

The Court emphasizes that the better, and more efficient, practice is for counsel to simply submit properly authenticated evidence to accompany summary judgment motions in the first instance:

> It is not in the interest of justice to allow a party to wait until the Report and Recommendation . . . has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received.

*Direct Line Corp. v. Carrington*, No. 3:10-0423, 2013 WL 2456712, at *1 (M.D. Tenn. June 6, 2013) (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998), *cert. denied*, 525 U.S. 907 (1998)).[1]

---

[1]Defense counsel asserts that the Magistrate Judge's *sua sponte* rejection of the evidence was "draconian," since in another case, a different magistrate judge adopted the practice of reviewing motions for unauthenticated documents and took an approach allowing the parties to authenticate the documents before the report and recommendation issued (Defs. Obj. at 2). That defense counsel points out an accommodation of the same deficiency in another of his cases is hardly a persuasive

However, in light of the other circumstances present in this particular case, the Court will accept the affidavit submitted by Defendants to cure the evidentiary defect. But the Court cautions that this should not be the ordinary practice.

The Court will address the effect of Defendants' evidence as to each Plaintiff's claims.

## II. Plaintiff Jackson

In moving for summary judgment, Defendants argued that Plaintiffs' claims must be dismissed because Plaintiffs failed to exhaust their administrative remedies before filing this lawsuit (Defs. Br., Dkt 62 at 7-8). Defendants now contend, given the affidavit submitted in support of their exhaustion argument, which cured the technical deficiency in their evidence, that they are entitled to summary judgment of Plaintiff Jackson's claims. This Court agrees.

First, Plaintiff Jackson's own evidences makes it clear that he did not exhaust his administrative remedies. The Supreme Court has defined "proper exhaustion," under the PLRA, as "'compliance with an agency's deadlines and other critical procedural rules'" (R&R, Dkt 107 at 6, quoting *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006)). MDOC Policy Directive 03.02.130 provides inmates with a three-step process for addressing issues during their confinement. Here, Plaintiff Jackson fully admitted in his Amended Complaint that he filed the lawsuit before completing the MDOC's three-step process (Dkt 31 at 7). Plaintiff then submitted copies of relevant grievances that he filed in an effort to show that he had exhausted his administrative remedies. However, while he initiated this action in federal court on September 28, 2012, his Step I grievance is dated October 10, 2012. Therefore, it is impossible for Plaintiff Jackson to have pursued his claim through the entire grievance process before filing this current action, as is required under 42 U.S.C. § 1997e(a).

---

position.

Second, the evidence submitted by Defendants confirms that Plaintiff Jackson did not exhaust his administrative remedies. This Court may accept additional evidence when considering, on a proper objection, any portion of a magistrate judge's disposition. FED. R. CIV. P. 72(b)(3). Considering Plaintiff Jackson's admissions, this Court will accept the affidavit of Richard Russell, Manager of the MDOC Grievance Section (Dkt 111-3, Ex. 2). Russell states that the MDOC Prisoner Step III Grievance Report for Plaintiff Jackson, submitted by Defendants (Dkt 62-4, Ex. 3), is an accurate copy of the report generated to identify Plaintiff Jackson's Step III grievance submissions from May 2009 through May 14, 2013 (Dkt 111-3, Ex 2 at 2). The report does not show a single Step III grievance, filed by Plaintiff Jackson, that was received by the MDOC before October 24, 2012—almost one month *after* Plaintiff Jackson filed this action in federal court.

Failure to exhaust administrative remedies is an affirmative defense for which Defendants have the burden of proof. *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (citing *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Plaintiff is not required to demonstrate exhaustion in his complaint (R&R, Dkt 107 at 5, citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Considering the facts outlined *supra*, there clearly is no factual dispute that Plaintiff Jackson filed this lawsuit before he pursued his claim through the MDOC grievance process. Therefore, because Plaintiff Jackson failed to properly exhaust his administrative remedies, this Court grants Defendants' motion for summary judgment as to Plaintiff Jackson.

### III. Plaintiff Richards

#### A. Exhaustion

Defendants argue that they are also entitled to summary judgment on Plaintiff Richards' claims because he failed to exhaust his administrative remedies before filing this lawsuit (Defs. Br.,

Dkt 62 at 7-8). Like Plaintiff Jackson, Plaintiff Richards fully admits that he did not exhaust his administrative remedies (Pl. Obj., Dkt 113 at 3). However, Plaintiff Richards has alleged that prison officials obstructed his attempts to comply with the MDOC grievance process (Pl. Mot., Dkt 77 at 1). Based on that allegation, Plaintiff Richards filed a motion for exemption from the exhaustion requirement (*id.*). The Court denies both Defendants' and Plaintiff Richards' motions without prejudice because there are genuine issues of material fact concerning the issue of exemption, i.e., why Plaintiff Richards has not filed any Step III grievances.

The burden is on Defendants to prove that an inmate did not exhaust administrative remedies. *See Surles*, 678 F.3d at 455. Once the defendants properly assert that the plaintiff failed to exhaust administrative remedies, the plaintiff must then "present 'significant probative evidence' to defeat the motion for summary judgment on this ground." *Napier*, 636 F.3d at 225 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Exhaustion may be demonstrated by an inmate if prison officials actively prevent the inmate from complying with the prison grievance procedures, effectively making administrative remedies unavailable. *See Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). The Sixth Circuit "requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Id.* (quoting *Napier*, 636 F.3d at 224). An inmate is required to exhaust administrative remedies "even if the prisoner subjectively believes the remedy is not available . . . and 'even where [the prisoners] believe the procedure to be ineffectual or futile ….'" *Napier*, 636 F.3d at 222 (citations omitted).

Here, Plaintiff Richards claims that he was prevented from exhausting his administrative remedies because prison officials ignored his requests for grievance forms, refused to provide

grievance forms, and were raiding his cell and destroying legal materials (Pl. Mot., Dkt 77 at 1-2). Defendants have provided no evidence that directly responds to these claims, and the Magistrate Judge did not address this issue (R & R at 9, recommending Plaintiff Richards' motion be denied as moot since Defendants failed to carry their burden on the exhaustion question). The lack of Step III grievances filed by Plaintiff Richards could demonstrate that he failed to comply with the grievance process or it could demonstrate that he properly pursued all available remedies (*see* R & R at 9).

Because there are genuine issues of material fact as to why Plaintiff Richards failed to exhaust his administrative remedies, summary judgment is properly denied. Defendants' motion for summary judgment and Plaintiff Richards' motion for exemption from the exhaustion requirement are both denied without prejudice.

**B. Plaintiff Richards' Motion for Summary Judgment**

Finally, Plaintiff Richards also objects to the Magistrate Judge's recommendation that the Court deny Plaintiff Richards' motion for summary judgment of his remaining claims. Plaintiff Richards' argument, which does not cite any legal authority, is entirely without merit. The Magistrate Judge noted that "Plaintiff's motions for summary judgment are premised primarily upon conjecture and argument rather than evidence. Moreover, to the extent that Plaintiff has submitted evidence in support of his motions, such falls far short of the demanding standard [for summary judgment]" (R & R at 10). Plaintiff Richards does not demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion. Plaintiff Richards' motion for summary judgment is denied.

**IV. Conclusion**

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation, as modified herein on objection, as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 111, 113) are DENIED IN PART and GRANTED IN PART as stated herein, and the Report and Recommendation (Dkt 107), as modified herein on objection, is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (Dkts 61, 79) are GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART; the motions are granted as to Plaintiff Jackson, but denied without prejudice as to Plaintiff Richards.

**IT IS FURTHER ORDERED** that Plaintiff Richards' Motion for Exemption from Exhaustion Requirement (Dkt 77) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff Richards' Motion for Summary Judgment (Dkt 89) and the Supplemental Motion for Summary Judgment (Dkt 104) are DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: September 29, 2014                    /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge