UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JACKSON, et al.,

    Plaintiffs,                                 Hon. Janet T. Neff

v.                                                 Case No. 1:12-CV-1134

RICK SNYDER, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on <u>Plaintiff Richards' Motion for Summary Judgment</u>, (Dkt. #138), and <u>Defendants' Motion for Summary Judgment</u>, (Dkt. #141). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendants' motion be **denied without prejudice**, Plaintiff Richards' remaining claims be **dismissed**, and this matter **terminated**.

**BACKGROUND**

        Plaintiffs James Jackson and Kyle B. Richards initiated this action on September 28, 2012, against the Federal Bureau of Investigation (FBI), the Michigan State Police, the European Court of Human Rights, various officials of foreign governments, officials of the State of Michigan, Detroit Free Press President Joyce Jenereaux, Michigan Department of Corrections (MDOC) Director Daniel Heyns, and numerous MDOC employees. (Dkt. #1). Plaintiffs subsequently amended their complaint asserting claims against MDOC Director Heyns, Detroit News President Joyce Jenereaux, and numerous

MDOC employees. (Dkt. #31). The only defendants remaining in this matter are Defendants Heyns, Datims, Sura, Hickok, Warr, and Frieburger. (Dkt. #38-39). Plaintiff Jackson's claims have likewise been dismissed. (Dkt. #119).

## ANALYSIS

I.         **Defendants Heyns, Datims, Hickok, Warr, and Frieburger**

Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). To avoid dismissal for failure to state a claim, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must likewise articulate facts sufficient to allege a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

> for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

As previously noted, Plaintiffs' claims have been dismissed save Plaintiff Richards' claims against Defendants Heyns, Datims, Sura, Hickok, Warr, and Frieburger. Plaintiffs' amended complaint, however, contains absolutely no allegations of conduct by Defendants Heyns, Datims, Hickok, Warr, or Frieburger against Plaintiff Richards. Plaintiffs' amended complaint contains a great many legal conclusions as well as factual allegations by the remaining defendants against Plaintiff Jackson neither of which advance Plaintiff Richards' cause. Because the amended complaint contains no factual allegations that Defendants Heyns, Datims, Hickok, Warr, or Frieburger engaged in any conduct which if proven would entitled Plaintiff Richards to relief, the undersigned recommends that Plaintiff Richards' claims against Defendants Heyns, Datims, Hickok, Warr, and Frieburger be dismissed for failure to state a claim upon which relief may be granted.

**II.     Defendant Sura**

The only allegation against Defendant Sura in Plaintiffs' amended complaint is that Sura "refused to feed inmate Richards. . .due to retaliation of the kites and complaints of the plaintiffs further committing cruel and unusual punishment." (Dkt. #31 at Page ID#129). The Court interprets this allegation as asserting both a First Amendment retaliation claim and an Eighth Amendment cruel and unusual punishment claim.

### A. First Amendment

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004). Plaintiff has failed to allege a chronology of facts from which retaliation can plausibly be inferred. Accordingly, the undersigned recommends that Plaintiff Richards' retaliation claim against Defendant Sura be dismissed for failure to state a claim.

### B. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and

are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which an official's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). If the objective test is met, the Court must then determine whether Defendants acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the individual deliberately indifferent to inmate health or safety. *Id.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

As noted above, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." Plaintiff's vague and conclusory allegations fall well short of this standard. Moreover, as also noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." The undersigned, therefore, recommends that Plaintiff Richards' Eighth Amendment claim against Defendant Sura be dismissed for failure to state a claim.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff Richards' Motion for Summary Judgment, (Dkt. #138), be **denied**; Defendants' Motion for Summary Judgment, (Dkt. #141), be **denied without prejudice**, Plaintiff Richards' remaining claims be **dismissed for failure to state a claim**, and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  September 21, 2015         /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge